Filed 7/23/14  In re Fernando M. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re FERNANDO M., a Person Coming Under the Juvenile Court Law. | B252370 |
| | (Los Angeles County Super. Ct. No. MJ21118) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO M.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Nancy S. Pogue, Temporary Judge.  Affirmed.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

On December 12, 2011, the People filed a Welfare and Institutions Code, section 602 petition against Fernando M., then 13 years old, alleging three counts of felony vandalism (Pen. Code, § 594, subd. (a)). Fernando denied the allegations. At the conclusion of a jurisdiction hearing, the juvenile court found the vandalism allegations true as to counts 1 and 2, declared the offenses felonies, and dismissed count 3.[1] A disposition hearing was set.

Prior to the disposition hearing, sheriff's deputies executed a search warrant on Fernando's residence and found cash and marijuana in his bedroom. During an interview, Fernando admitted to deputies that the marijuana belonged to him and that he made money by selling it.

On September 12, 2012, the People filed a Welfare and Institutions Code, section 602 petition against Fernando, then 15 years old, alleging one count of possession of marijuana for sale (Health & Saf. Code, § 11359). Fernando denied the allegation. The disposition hearing on the December 12, 2011 petition was continued.

In 2013, the juvenile court granted Fernando's motion for discovery of police personnel records (Evid. Code, § 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531), reviewed the records at an in camera hearing and found discoverable information, which was provided to Fernando. The court then heard and denied Fernando's motion to suppress evidence (Welf. & Inst. Code, § 700.1).

At the conclusion of the jurisdiction hearing, the juvenile court found true the allegation Fernando possessed the marijuana for sale, declared the offense a felony and sustained the petition. At the disposition hearing on both petitions, the court declared Fernando a ward of the court and ordered him home on probation.

We appointed counsel to represent Fernando on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On April 11, 2014, we advised Fernando he had 30 days in which to submit any contentions or issues he wished us to consider. We have not received a response.

---

[1] A second delinquency petition also filed on December 12, 2011, was dismissed with prejudice.

We have examined the entire record and are satisfied that Fernando's appellate attorney has fully complied with the responsibilities of counsel and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The order is affirmed.

ZELON, J.

We concur:

WOODS, J.

SEGAL, J.[*]

---

[*]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.